IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DONALD WAYNE HARGRAVE JR., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL NEIBURH, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Case No. 2:16-cv-1063-DN <br><br> Chief Judge David Nuffer |

Defendant's Motion to Dismiss[1] is at issue here. Plaintiff responded to the motion.[2] Defendant replied to the response.[3] Defendant then filed a proposed order based on his Motion to Dismiss.[4] Finally, Plaintiff filed objections to the proposed order.[5] Having considered these filings and being fully advised, the Court grants Defendant's Motion to Dismiss.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth facts demonstrating a plausible claim for relief."[6] While a court will "presume[] the truth of all well-pleaded facts in the complaint," it "need not consider conclusory allegations" in determining whether a claim for relief is plausible.[7] When a plaintiff's claims are time-barred, the defendant is entitled to dismissal under Rule 12(b)(6).[8]

---

[1] (Doc. No. 19.)
[2] (Doc. No. 22.)
[3] (Doc. No. 23.)
[4] (Doc. No. 25.)
[5] (Doc. Nos. 28 & 29.)
[6] *Defeudis v. Wolfenden*, No. 2:13-CV-429-CW, 2013 U.S. Dist. LEXIS 79069, at *2 (D. Utah June 6, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[7] *Defeudis*, 2014 U.S. Dist. LEXIS 79069, at *5-6 (citations omitted).
[8] *See Kartiganer v. Juab County*, No. 2:10-CV-842-CW, 2012 U.S. Dist. LEXIS 73422, at *4-5 (D. Utah Apr. 6, 2012) (dismissing plaintiff's claims with prejudice as "time barred by the statute of limitations").

Because Plaintiff proceeds pro se, his pleadings are "'liberally construed'" and held to a "'less stringent standard than formal pleadings drafted by lawyers.'"[9] But "'a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury,'" and must therefore "'provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.'"[10] A court thus will not "'assume the role of advocate for a pro se lititgant'" by "'supply[ing] additional facts" or "construct[ing] a legal theory for plaintiff that assumes facts that have not been pleaded.'"[11]

Plaintiff asserts that Defendant was his shift leader at Northern Utah Correctional Center in 2010, when Defendant withheld documents from Plaintiff that would have been key to Plaintiff getting a job. Plaintiff alleges that his failure to get a job then caused revocation of his parole and a return to prison.[12] Based on these allegations, Plaintiff filed this federal civil-rights action on November 2, 2016.

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983."[13] And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation,"[14] as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action."[15] The Court notes that "[a] plaintiff need not

---

[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[10] *Rudolph v. Hanson*, No. 2:14-cv-883-CW, 2015 U.S. Dist. LEXIS 113125, at *1 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).
[11] *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).
[12] Other allegations about mental-health treatment and the length of Plaintiff's incarceration within his sentence term are not affirmatively linked to Defendant, so are not further considered here.
[13] *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).
[14] *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012).
[15] *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994).

know the full extent of his injuries before the statute of limitations begins to run,"[16] and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue."[17]

Thus, in applying the four-year statute of limitations to the facts of this case, the Court concludes that Plaintiff's claim here against Defendant is barred as untimely. Plaintiff's claim arises from a single allegation: Defendant's withholding of documentation that would have allowed to Plaintiff to set his path toward employment. Though the Court is unable to pinpoint an exact date that this occurred, the year was definitely 2010. The statute of limitations therefore expired sometime by the end of 2014. This action was not filed until almost two years later--on November 2, 2016.

Plaintiff's § 1983 claim against Defendant is barred by the applicable four-year statute of limitations. As a result, regardless of whether Plaintiff can otherwise state a claim upon which relief may be granted, his claim against Defendant fails.

IT IS ORDERED that Defendant's motion to dismiss is GRANTED.[18] This action is CLOSED.

DATED this 24th day of September, 2018.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court

---

[16] *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (section 1983 case).
[17] *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).
[18] (Doc. No. 19.)